**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UAW GROUP HEALTH & WELFARE PLAN AND THE UAW GROUP HEALTH & WELFARE PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>SERGIO ACOSTA, LAWRENCE ACKERMAN, WILLIAM J. BACHELER, and BACHELER AND COMPANY, P.C.,<br><br>Defendants. | Civil Action No. 14-6247 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>May 26, 2021 |

**WIGENTON,** District Judge.

**THIS MATTER** having come before this Court upon the filing of Defendant Lawrence Ackerman's ("Ackerman") Motion to Dismiss (D.E. 132) Plaintiffs the Board of Trustees of the UAW Group Health & Welfare Plan and the UAW Group Health and Welfare Plan's (together, "Plaintiffs") Third Amended Complaint ("TAC") pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), which this Court construes as a Motion for Reconsideration ("Motion") of this Court's March 26, 2021 Opinion and Order denying Ackerman's November 30, 2020 Motion to Dismiss the TAC (D.E. 118, 119);[1] and

**WHEREAS** a party moving for reconsideration must file its motion within fourteen (14)

---

[1] This Court's March 26, 2021 Opinion and Order also denied defendants Sergio Acosta, William J. Bacheler, and Bacheler and Company, P.C.'s Motions to Dismiss the TAC. (D.E. 118, 119.)

days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle" which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995 at *2 (D.N.J. July 30, 2015) (citations omitted); and

**WHEREAS** motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** Ackerman's Motion fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its decision denying Ackerman's November 30, 2020 Motion to Dismiss the TAC, or an error of fact or law that, if left uncorrected, would result in manifest injustice;[2] and

---

[2] This Court notes that on May 13, 2021, Judge Thompson entered a Restitution Order against Ackerman in a related criminal matter in which he pleaded guilty to one count of theft, embezzlement, and conversion of money and funds of an employee welfare benefit fund, as well as one count of knowingly and intentionally executing a scheme to defraud Horizon Blue Cross and Blue Shield of New Jersey in connection with the delivery of or payment for health care benefits and services. (D.E. 118 at 5 n.5 (citing D.E. 81-6 at 2, 11; D.E. 81-4 at 2, 13)); D.E. 140 at 2–4.) The Restitution Order requires Ackerman to pay $486,400 to the Local 2326 UAW Health Care Fund ("Fund"), representing the net cost of ineligible enrollees' claims paid and incurred by the Fund during the relevant period. (D.E. 140 at 4.) Plaintiffs maintain that the Restitution Order does not "make[] the Fund whole for losses caused by Ackerman's fraud." (*Id.* at 2.)

**WHEREAS** furthermore, Ackerman's Motion is untimely because it was filed on May 3, 2021, more than fourteen days after this Court's March 26, 2021 Opinion and Order denying Ackerman's November 30, 2020 Motion to Dismiss the TAC. *See, e.g.*, *Oriakhi v. Bureau of Prisons*, No. 07-264, 2009 WL 1874199, at *4 (D.N.J. June 29, 2009) ("An untimely filed motion for reconsideration 'may be denied for that reason alone.'") (quoting *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996)).

Accordingly, for the reasons set forth above, Ackerman's Motion (D.E. 132) is **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Cathy L. Waldor, U.S.M.J.